IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 04–053–GF–CCL |
| Plaintiff, | |
| | ORDER |
| vs. | |
| PAUL JOSEPH DONEY, | |
| Defendant. | |

Before the Court is Defendant Doney's "Petitioner for Writ of *Audita Querela*" (Doc. 120). Defendant Doney states that he has a legal objection to his sentence that has arisen subsequent to his conviction.

Defendant was convicted by jury trial on November 4, 2004, of eight counts of drug trafficking (marijuana, methamphetamine, and cocaine) and related weapons-possession crimes. Prior to the trial, on October 29, 2004, the

government filed a section 851 Information (21 U.S.C. § 851), that detailed Defendant Doney's two prior felony drug convictions. On November 19, 2004, defense counsel filed a Notice that Defendant "by and through his counsel, ... affirms the prior felony drug convictions referenced in the information which gives notice of the United States' intention to seek an enhanced sentence." (Doc. 93.) However, on February 22, 2005, defense counsel filed a "Notice of Intent to Contest Enhanced Sentence," that simply asserted that "Defendant is not subject to a mandatory life sentence as a matter of law." (Doc. 95.) Defendant was sentenced on March 3, 2005, to an aggregate sentence of life imprisonment without release plus 180 months. (Doc. 97.) At sentencing, defense counsel argued that a mandatory life sentence would be disproportionate to the crime and therefore cause a sentencing disparity and be unconstitutional as applied to the Defendant. Defense counsel argued that one of Defendant's two prior drug offenses was merely for possession of methamphetamine (felony). The Court overruled Defendant's objections to the section 851 Information.

Defendant appealed his conviction and sentence to the Ninth Circuit, which

affirmed on June 23, 2006. *United States v. Doney*, 190 Fed.Appx. 532 (9th Cir. 2006) (unpublished), *cert. denied*, 127 S.Ct. 418 (Oct. 10, 2006).

Defendant now argues that he "has cognizable grounds with which to collaterally challenge his conviction/sentence, however, he is procedurally barred from doing so pursuant to 2255...." (Doc. 120 at 5.) Thus, Defendant files a petition for writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

Defendant's legal objection that has arisen subsequent to his conviction and sentence is that

> the court was forced to impose a mandatory maximum sentence on petition without the jury finding the requisite statutory factual predicate. Further the court errored in failing to take a categorical approach to determine whether petitioners past state Marijuana conviction was for either of the predicates necessary to qualify as a violent felony, or a serious Drug Offense.

(Doc. 120 at 6.) Defendant argues that one of his two prior drug felony convictions is a state conviction for "Possession/distribution of 1.65 gms of Marijuana" and that it "is not a federal crime under the CSA, in fact it is a

Misdemeanor", citing *Moncrieffe v. Holder*, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013). (Doc. 120 at 7.) However, Defendant's prior conviction relating to the distribution of 1.65 grams of marijuana was for "Criminal Sale of Dangerous Drugs (felony)." Presentence Report (PSR) at 9, § 46. The PSR states that "[t]he defendant sold 1.65 grams of marijuana to a confidential informant for $30." PSR, § 46. Thus, Defendant's assertion that this prior conviction was for anything other than a serious drug felony is incorrect. Significantly, this legal objection did not 'arise' after entry of the judgment of conviction, so it does not satisfy the prerequisite of the writ of *audita querela*. In addition, Defendant's argument that a jury must find beyond a reasonable doubt the existence of the prior convictions for section 851 purposes has been rejected by the U.S. Supreme Court. *See Alleyne v. United States*, 133 S.Ct. 2151, 2160 n.1 (2013) (declining to revisit the holding of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)); *see also United States v. Fabricant*, 2015 WL 7423776 (9th Cir. Nov. 23, 2015) (affirming district court's decision not to entertain argument 21 U.S.C. § 851 is unconstitutional under *Alleyne*).

"[T]he writ of *audita querela* is only available to a Petitioner who alleges that a legal defect in his conviction or sentence arose after the judgment was entered." *Doe v. Immigration and Naturalization Servs.*, 120 F.3d 200, 203 (9th Cir. 1997). In addition, the writ of *audita querla* is not available for claims that could have been raised by a section 2255 motion. *See United States v. Gamboa*, 608 F.3d 492, 495 (9th Cir. 2010) (common law writs permitted only to extent they fill "gaps" in statutory post-conviction relief). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas petitions. 28 U.S.C. § 2255(f). Defendant has never filed a section 2255 motion to vacate his sentence, which became final in 2006. Now that the one-year statute of limitations period has expired, however, this Court cannot treat this procedural limitation as a "gap" that can be filled by a writ. *See United States v. Valdez-Pacheco*, 237 F.3d 1079, 1080 (9th Cir. 2001) ("prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs").

5

Because Defendant Doney challenges his underlying sentence, his petition does come within the scope of 28 U.S.C. § 2255(a), and therefore a petition for *audita querela* is not available. See *Gamboa*, 608 F.3d at 495. Accordingly,

IT IS HEREBY ORDERED that Defendant Doney's Petition for Writ of *Audita Querela* (Doc. 120) is DENIED.

Dated this 14th day of December, 2015.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE