IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL JOSEPH DONEY,<br><br>Defendant. | CR 04–053–GF–CCL<br><br>ORDER |

Before the Court is Defendant Doney's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody" (ECF No. 127.) Defendant Doney asserts three grounds in support of his motion.

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is met, a hearing is not necessary. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). Moreover, section 2255 relief provides an extraordinary remedy, *see United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), and it is the petitioner's duty to prove entitlement to it by a preponderance of the evidence, *see Farrow v. United States*, 580 F.2d 1339, 1355 (9th Cir. 1978).

I.  Background.

Defendant Doney was convicted by jury trial on November 4, 2004, of eight counts of drug trafficking (three counts of conspiracy to distribute marijuana, methamphetamine, and cocaine, and three counts of possession with intent to distribute) and two counts of related weapons-possession crimes. The jury also convicted Defendant of a forfeiture count relating to $31,680 in U.S. currency and three firearms. Prior to the trial, on October 29, 2004, the government filed a section 851 Information (21 U.S.C. § 851) for the purpose of notifying the

2

Defendant that upon conviction he would be subject to increased penalties based upon his two prior felony drug convictions. (ECF No. 67.)

Following Defendant's conviction on November 5, 2004, the Court notified Defendant Doney that he had 10 days to affirm or deny his prior felony drug convictions as alleged in the government's section 851 Information. (ECF No. 80.) In response, on November 19, 2004, defense counsel filed a Notice that Defendant "by and through his counsel, ... affirms the prior felony drug convictions referenced in the information which gives notice of the United States' intention to seek an enhanced sentence." (ECF No. 93.)

Several months later, and just prior to sentencing, defense counsel filed a "Notice of Intent to Contest Enhanced Sentence," that simply asserted that "Defendant is not subject to a mandatory life sentence as a matter of law." (ECF No. 95.) At his sentencing hearing, Defendant did not object to the government's allegation that he had the two prior felony drug convictions, but rather Defendant asserted that application of section 851 was unconstitutional because a life sentence was disproportionate to his crimes.

Defendant was sentenced on March 3, 2005, to an aggregate sentence of life imprisonment followed by 180 consecutive months on the firearms counts. (ECF No. 107 at 2-3.) At the sentencing, Defendant pointed out that a life sentence was applicable to persons convicted of at least two violent felonies under the Three-Strikes Law of the Violent Crime Control and Law Enforcement Act of 1994, 18 U.S.C. § 3559(c); Defendant argued that a life sentence should not be imposed upon him because he had no violent felonies in his criminal history. The Court rejected this argument because it was plain that section 851 was applicable to the Defendant, and he could cite no authority to support his due process argument.

Defendant appealed his conviction and sentence to the Ninth Circuit, which affirmed on June 23, 2006. *United States v. Doney*, 190 Fed.Appx. 532 (9th Cir. 2006) (unpublished), *cert. denied*, 127 S.Ct. 418 (Oct. 10, 2006). The Circuit panel specifically rejected Defendant's due process argument, "finding [the § 841(b)] sentencing scheme to have a rational basis because Congress can choose to treat drug crimes as seriously as violent crimes." *United States v. Doney*, 190 Fed.Appx. at 534.

After his appeal was concluded, Defendant did not file a section 2255 motion within the one-year limitations period. Instead, ten years later Defendant filed a petition for writ of *audita querela*. (ECF No. 120.) In his petition, Defendant denied that his prior drug convictions were serious drug felonies. This Court held that two prior drug convictions adequately supported Defendant's enhanced sentence under 21 U.S.C. § 841(b)(1)(A):

> Defendant's prior conviction relating to the distribution of 1.65 grams of marijuana was for "Criminal Sale of Dangerous Drugs (felony)." Presentence Report (PSR) at 9, § 46. The PSR states that "[t]he defendant sold 1.65 grams of marijuana to a confidential informant for $30." PSR, § 46. Thus, Defendant's assertion that this prior conviction was for anything other than a serious drug felony is incorrect.

(ECF No. 121 at 4.) Defendant's other felony drug conviction was for "Criminal Possession of Dangerous Drugs [methamphetamine and marijuana] (Felony)." (PSR ¶ 50; ECF No. 67, Information Pursuant to 21 U.S.C. 851.)

Thus, there is no question that Defendant's life sentence was imposed pursuant to a properly filed Section 851 Information and based upon two prior felony drug convictions, as prescribed by 21 U.S.C. § 841(b)(1)(A).

II. Section 2255 Motion.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas petitions. 28 U.S.C. § 2255(f). Defendant has never filed a section 2255 motion to vacate his sentence, which became final in 2006.

A. Ground One (*Johnson* claim).

Relying upon *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), Defendant asserts as his first claim that he was sentenced pursuant to the "residual clause" which is "unconstitutionally void for vagueness" and violated his "right to due process." (ECF No. 127 at 4.) Defendant assserts that his life sentence should be vacated because the government has "cast [him] as a violent criminal and the crimes do not qualify as violent felonies."

Defendant is mistaken in applying *Johnson* to his case. In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B(ii), was unconstitutionally vague. 135 S.Ct. at 2557-58, 2563. The Supreme Court made this new rule retroactively applicable to cases on

collateral rule. *Welch v. United States*, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016). *Johnson* is inapposite here because Defendant was not sentenced under the ACCA residual clause or under any other similar residual clause. Instead, Defendant was sentenced to a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A) for a drug trafficking crime because Defendant had two prior convictions for felony drug offenses. No residual clause applied to his sentence.

The Court has reviewed Defendant's Presentence Report and his Judgment (ECF No. 107), and the Court cannot find the words 'violent' or 'violence' anywhere in either document. The government did not argue for or treat Defendant as a 'violent criminal.' The government's section 851 Information, which describes Defendant's two prior felony drug offenses, does not contain the words 'violent' or 'violence.' (ECF No. 67.) There has never been any allegation in this case that Defendant is a violent person or has been convicted of a violent felony or a crime of violence. Apparently Defendant makes this claim to buttress his *Johnson* argument. However, Defendant's Ground One claim based upon *Johnson* is plainly inapplicable to Defendant's case, and is without merit.

B.   Ground Two (prejudice from being treated as violent felon).

Expanding upon his Ground One claim, Defendant's claim in Ground Two is that he was prejudiced by having been treated as a violent felon by both the Court and the government.  Specifically, Defendant claims that his firearm offenses rely on the residual clause and therefore should be vacated.  As explained above, Defendant's firearm offenses had nothing to do with any residual clause.  Instead, Defendant was convicted of two counts of the following firearms offense:

> any person who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such [drug trafficking] crime, possesses a firearm [shall have committed an offense against the United States].

18 U.S.C. § 924(c)(1).  A jury convicted Defendant of each of two firearms counts.  As is plain from the text of the statute, Defendant was neither charged with nor convicted of any violent felony.  Defendant was not treated as if he had been charged with or convicted of any violent felony.  This claim is without merit.

C.   Ground Three (Montana felony drug offenses are overbroad and indivisible and therefore void for vagueness).

Prior to trial, the government filed a section 851 Information that notified

8

Defendant that he would face an enhanced penalty if convicted of the charged drug trafficking crime (21 U.S.C. § 846) because of his two prior felony drug convictions. 21 U.S.C. § 851. Following his jury trial, Defendant acknowledged in writing that he had been convicted of two prior felony drug offenses. (ECF No. 93.)

Ten years post-sentencing, Defendant now attacks his two prior drug offenses by asserting that neither of his prior drug crimes are categorically drug offenses because the Montana offenses are overbroad and indivisible, citing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). *Hinkle* was a direct appeal case wherein the defendant had two prior felony crimes that were used to calculate the U.S.S.G. § 4B1.1(a) Career Offender guideline. That guideline provided that Hinkle had to have "two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Chapter Four guideline defines "controlled substance offense" to mean a federal or state law that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to

9

manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The *Hinkle* panel relied on *United States v. Mathis*, 136 S.Ct. 2243 (2016) (utilizing categorical approach to defining ACCA violent felony predicate offenses), to decide that Hinkle's Texas conviction did not categorically match the Sentencing Guideline definition of a "controlled substance offense."

However, *Mathis* did not announce a new rule recognized by the Supreme Court. 136 S.Ct. at 2257. Also, and since that time, the Supreme Court has held that the *Johnson* analysis does not apply to the residual clause of the Chapter Four Career Offender guidelines. *Beckles v. United States*, 137 S.Ct. 886, 895 (2017).

Defendant's Montana drug offenses falls easily within the § 841(b)(1) requirement that he have two predicates offenses that are "felony drug offenses." In Defendant's case, the pertinent definitional statute, 21 U.S.C. § 802(44) (2004), defined "felony drug offense" to "mean an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 802(44).

Both of Defendant's two Montana felony drug offenses--"Criminal Sale of Dangerous Drugs (F)" and "Criminal Possession of Dangerous Drugs (F)"–are clearly "felony drug offenses" for purposes of the Defendant's penalty statute, § 841(b)(1)(A). Furthermore, because Defendant was not sentenced as a Career Offender under Chapter Four of the Sentencing Guidleines, *Hinkle* is not applicable to either the facts or the law pertinent to Defendant's case. This claim is without merit.

III.   Legal Standard; Statute of Limitations; Certificate of Appealability.

　　A.  Legal Standard.

A prisoner is entitled to relief under 28 U.S.C. § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. . . ." 28 U.S.C. § 2255. However, it is the prisoner's burden to establish his claims, and the prisoner must "clear a significantly higher hurdle than would exist on direct appeal." *United*

*States v. Frady*, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Where the prisoner has failed to raise his claims on direct appeal, he must also demonstrate that (1) good cause exists for his failure to raise his arguments and he would suffer prejudice if unable to proceed to such an extent as would undermine confidence in the outcome of the proceedings, or (2) he is actually innocent. *Id.* Normally a procedural default is addressed first, but when resolution on the merits is easily accomplished, it is permitted. *Lambrix v. Singletary*, 520 U.S. 518, 117 S.Ct. 1517, 1523, 137 L.Ed.2d 771 (1997).

    B. Statute of Limitations.

    Defendant has filed the instant section 2255 motion some ten years after his conviction became final. Section 2255(f) requires that the motion be filed within one year after the date on which the judgment of conviction becomes final or the date on which the Supreme Court recognizes a new right applicable to Defendant's case (and immediately or subsequently made retroactive to cases on collateral review). The new right announced in the *Johnson* case–that defendants sentenced pursuant to the Armed Career Criminal Act's residual clause, 18 U.S.C.

§ 924(e)(2)(B)(ii), can collaterally attack their sentences–is plainly not applicable to Defendant's case.  Not only was Defendant not sentenced under the Armed Career Criminal Act, Defendant was also not sentenced under the residual clause contained in section 924(c)(3)(B).  Instead, Defendant was sentenced pursuant to drug trafficking crimes, § 841(b)(1)(A) (Counts 1 and 4), and firearms possession, § 924(c)(1) (Counts 7 and 8).  Defendant has no count of conviction under the the ACCA or relating to violent crime (*see,* § 924(c)(3)).  Plainly, there is no new right recognized by the Supreme Court that is applicable to Defendant's case.  Therefore, Defendant's § 2255 motion made ten years after conviction is untimely.  Defendant's motion will be denied.

C.   Certificate of Appealability.

Under 28 U.S.C. § 2253(c), a federal prisoner must obtain a certificate of appealability to appeal the section 2255 denial.  Defendant has failed to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537

U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). A certificate of appealability should be granted only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court therefore concludes that Defendant is not entitled to a certificate of appealability.

Accordingly,

IT IS HEREBY ORDERED that Defendant Doney's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (ECF No. 127) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 2nd day of March, 2018.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE